IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD HALL, | : | |
| Petitioner, | : | Case No. 1:02cv488 |
| v. | : | JUDGE SPIEGEL |
| CHRISTOPHER YANAI, WARDEN, | : | MAGISTRATE JUDGE HOGAN |
| Respondent. | : | |

_____

**OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE**
_____

Mr. Hall objects to the Magistrate Judge's Report and Recommendation denying his Petition for a Writ of Habeas Corpus. In the recommendation, Magistrate Judge Hogan concludes Mr. Hall was not denied effective assistance of counsel when trial counsel failed to file an appeal on behalf of Mr. Hall, who has an IQ of 46, is illiterate, and suffers from schizophrenic tendencies. The Magistrate Judge's decision denying the writ is threefold:

(1) it rejects Mr. Hall's argument that Mr. Hall is entitled to an appeal because he never waived his right to appeal;

(2) Mr. Hall did not provide any cases where counsel was placed under a special duty to ensure an appeal was perfected for a client with mental disabilities; and

(3) Mr. Hall did not set forth non-frivolous grounds he would have raised on appeal.

*Hall v. Yanni*, Case No. 1:02cv488, Report and Recommendation, pp. 10-15.

The Magistrate Judge's recommendation is faulty and like the Ohio Court of Appeals is based on an unreasonable application of clearly established federal law.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In the report and recommendation, the Magistrate Judge rejected Mr. Halls' claim that he is entitled to an appeal because he had never waived the right and reported that Mr. Hall failed to establish his claims of ineffective assistance of trial counsel. *Hall v. Yanni*, Case No. 1:02cv488, Report and Recommendation, pp. 10-15. See *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge is wrong.

The right to counsel guaranteed by the Sixth Amendment is a right to effective assistance of counsel. *Powell v. Alabama*, 287 U.S. 45, 58, 53 S.Ct. 55 (1932). Both the United States and Ohio Supreme Courts have emphasized that when the accused is denied effective assistance of counsel, fairness and reliability are severely compromised. *United States v. Cronic*, 466 U.S. 648 (1984); *Strickland*, 466 U.S. at 687-688; and *State v. Johnson*, 24 Ohio St.3d 87 (1986), certiorari denied, 494 U.S. 1039 (1990). Trial counsel's failure to assist Mr. Hall, who is mentally retarded, mentally ill, and illiterate, to file an appeal deprived Mr. Hall of counsel at a critical stage. This deficient performance is in violation of the federal constitution, and deprived Mr. Hall of effective assistance of counsel. See *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Penson v. Ohio*, 488 U.S. 75 (1988); *Evitts v. Lucey*, 469 U.S. 387 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Cronic*, 466 U.S. 648 (1984); *Powell v. Alabama*, 287 U.S. 45 (1932); *Rodriguez v. United States*, 395 U.S. 327 (1969).

### *WAIVER -APPEAL*

In the Report and Recommendation, the Magistrate Judge rejected Mr. Hall's argument "that he is entitled to an appeal because he never 'waived' his right to appeal." *Hall v. Yanni*, Case No. 1:02cv488, Report and Recommendation, pp. 10-13. However, Mr. Hall never raised

this issue, and takes issue with the Magistrate Judge's interpretation of footnote 2 in Mr. Hall's traverse. See Doc. 24, p. 14, n.2.[1]

> In footnote 2 in Mr. Hall's traverse he states:
>
>> Respondent argues that the trial court informed Petitioner Hall that he had the right to appeal in the journal entry of conviction. (Resp. R.O.W. at 10, citing to Resp. Ex. 41). This ignores the fact that Petitioner Hall is <u>illiterate</u>, has a full scale I.Q. of 46, is mentally retarded and mentally ill with schizophrenic tendencies and is not able to read and comprehend the rules of appellate procedure let alone draft his own appellate pleadings.

Doc. 24, p. 14, n.2.

Nowhere in this footnote does Mr. Hall state he is entitled to an appeal because he had never waived his right to appeal. Footnote 2 is simply a response to the Warden's argument. If anything, footnote 2 describes Mr. Hall's severe limitations.

In addition, Mr. Hall takes issue with the Magistrate Judge's implication that, because Mr. Hall was allegedly competent to stand trial, he is competent to file and proceed pro se on appeal. This ignores the fact that Mr. Hall has a full scale I.Q. of 46 and is illiterate. Competence to stand trial is not a reliable indicator of Mr. Hall's ability or non-ability to read and understand the Ohio Rules of Appellate Procedure. Even if the trial court informed Mr. Hall

---

[1] However, in footnote 3, p. 15, of the traverse Mr. Hall made the following statement:

> [3] Respondent hints that Petitioner Hall waived his right to appeal since the trial court noted at the bottom of the journal entry of conviction that it informed Petitioner Hall of the right to appeal. (Resp. R.O.W. at 10). Waiver of the right to appeal cannot be presumed, and the State has the burden of proof in establishing that Petitioner Hall knowingly, intelligently, and voluntarily waived his right to appeal. See *United States v. Ashe*, 47 F.3d 770 (6th Cir. 1995); *State v. Simms*, 27 Ohio St.2d 79 (1971).

Footnote 3, is simply a response to something the Warden had implied in the Return of Writ and was not meant to raise another issue. See Doc. 24, p. 15, n. 3.

of his right to appeal, Mr. Hall was left without any guidance or clue as to how to assert this right because he is illiterate and has a full scale I.Q. of 46.

### *ATTORNEY – SPECIAL DUTY*

In the Report and Recommendation, the Magistrate Judge stated that Mr. Hall did not cite any cases that support the proposition that counsel owes a special duty of care to someone with mental disabilities. This is incorrect.

Mr. Hall cited to *Powell v. Alabama*, 287 U.S. 45. In *Powell*, the United States Supreme Court stated:

> ***Even the intelligent and educated layman has small and sometimes no skill in the science of law.  \*\*\* He requires the guiding hand of counsel at every step in the proceedings against him. \*\*\* If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect.*** If in any case, \*\*\* a state or federal court were arbitrarily to refuse \*\*\*, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense. (emphasis added).

*Powell v. Alabama*, 287 U.S. at 68-60; See also *United States v. Cronic*, 466 U.S. 648; <u>In re Gault</u>, 387 U.S. 1 (1967).

Mr. Hall has limited mental abilities and infirmities, and he required the guiding hand of counsel to: (1) take the time to adequately explain the benefits and detriments of appealing his case; and (2) to file the notice of appeal and appellate pleadings for him.

### *NON-FRIVOLOUS GROUNDS*

In the Report and Recommendation, Magistrate Judge Hogan takes issue with the fact that Mr. Hall did not present grounds he would have raised on appeal to support trial counsel's ineffectiveness. *Hall v. Yanni*, Case No. 1:02cv488, Report and Recommendation, p. 14. Contrary to the Magistrate Judge's rationale, Mr. Hall is not required to do so.

4

Ohio Rule of Appellate Procedure 5(A)(2) governs delayed appeals. Ohio App.R. 5(A)(2) states:

> A motion for leave to appeal shall be filed with the court of appeals and ***shall set forth the reasons for the failure of the appellant to perfect an appeal as of right***.

Ohio App.R. 5(A)(2) (emphasis added). The rule did not require Mr. Hall is required to state the grounds he would have raised on appeal. To add this burden is unconscionable.

Further, this position is contrary to the United States Supreme Court decision in *Rodriguez v. United States,* 395 U.S. 327 (1969). In *Rodriguez*, the Supreme Court held:

> As this Court has noted before, '(p)resent federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right.' The Ninth Circuit seems to require an applicant *** to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach. Applicants for relief *** if indigent, prepare their petitions without the assistance of counsel. Those whose education has been limited and those, like petitioner, who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one. Like the approach rejected long ago *** the Ninth Circuit's requirement makes an indigent defendant face 'the danger of conviction because he does not know how to establish his innocence.' Moreover, the Ninth Circuit rule would require the sentencing court to screen out supposedly unmeritorious appeals in ways this Court [has] rejected ***. ***Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated.***

*Rodriguez v. United States,* 395 U.S. at 330-331.

Therefore, pursuant to *Rodriguez*, Mr. Hall was not required to state reasons to support trial counsel's ineffectiveness. However, if Mr. Hall did have to raise grounds for relief he could certainly argue that the trial court erred in finding an illiterate man with an IQ of 46 competent to stand trial.

## CONCLUSION

For the reasons stated in Mr. Hall's Traverse and in these Objections to the Magistrate's Report and Recommendation, this Court should grant the writ. In the alternative, this Court should grant Mr. Hall's Certificate of Appealability and In Forma Pauperis standing.

Respectfully submitted,

DAVID H. BODIKER #0016590
Ohio Public Defender


s/T. Kenneth Lee
T. KENNETH LEE #0065158
Assistant State Public Defender
 (Counsel of Record)

Office of the Ohio Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio  43215
(614) 466-5394
(614) 644-0708 – FAX
LeeKen@opd.state.oh.us

COUNSEL FOR PETITIONER

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 15, 2005, a copy of the foregoing OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

      s/T. Kenneth Lee
      T. KENNETH LEE #0065158
      Assistant State Public Defender
      (Counsel of Record)

      COUNSEL FOR PETITIONER

213786