UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD HALL,                          :
                                      :    NO. 1:02-CV-00488
          Petitioner,                 :
                                      :    **OPINION & ORDER**
                                      :
   v.                                 :
                                      :
                                      :
CHRISTOPHER YANAI, WARDEN,            :
                                      :
          Respondent.                 :

          After exhausting all state court appeals, Petitioner
Donald Hall (hereinafter "Hall") petitioned this Court for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).  He claims
his counsel was ineffective because he did not perfect an appeal
knowing that Hall's mental state rendered him unable to perfect one
on his own.  After briefing by the parties, the assigned Magistrate
Judge issued a Report and Recommendation (doc. 33) finding that
Hall failed to satisfy his burden under 28 U.S.C. § 2254 and
recommending that the petition therefore be denied.

          Pursuant to 28 U.S.C. § 636(b), the Court has
reviewed the Report and Recommendation de novo. Fed. R. Civ. P.
72(b); see Ridge v. Barnhart, 232 F.Supp.2d 775, 779 (N.D. Ohio
2002).  A state prisoner is not entitled to federal habeas relief
unless the state court's adjudication of his claim resulted in a
decision that was contrary to, or involved an unreasonable
application of clearly established federal law as determined by the

Supreme Court.  28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 402-03 (2000); Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000).  The Magistrate Judge applied a de novo review as the state court had failed to address the constitutional issues raised. Maples v. Stegall, 340 F.3d 433, 436 (6th Cir. 2003).

        With respect to Hall's claim for ineffective assistance of counsel, the Court finds that the Magistrate Judge's lengthy and exhaustive analysis of the merits of Hall's claim is correct (see doc. 33).  Hall alleges that due to his diminished mental capacity, his lawyer should have perfected an appeal even though he never expressed or implied a desire to do so (Id.).  The Constitution is violated where a criminal defendant is denied the right to an appeal because he lacked knowledge of this right coupled with his counsel or the court's failure to advise him of his appeal rights.  Goodwin v. Cardwell, 432 F.2d 521, 522-23 (6th Cir. 1970).  With regard to the failure of the court to advise Hall of his right to appeal, the Magistrate Judge properly found that Hall was afforded the opportunity to appeal pursuant to Ohio R. Crim. P. 32(A)(2) (doc. 33).  The trial court at sentencing informed Hall of his right to appeal and right to counsel on appeal (Id.).

        With regards to Hall's trial counsel's action of perfecting the appeal, a lawyer may not disregard specific instructions from the defendant to file an appeal.  Roe v. Flores-

<u>Ortega</u>, 528 U.S. 470, 477 (2000). But in this case, the Magistrate Judge correctly found that Hall never expressly instructed his trial counsel to file an appeal (doc. 33). Nor did Hall imply to his trial counsel that he wished to appeal his sentence (<u>Id</u>.). Rather Hall argues that because of his mental capacity, the lawyer should have presumed that he wished to appeal his conviction and should have proceeded to perfect the appeal (doc. 34). This contention is neither supported by the courts or case law. An attorney does not have the duty to automatically perfect an appeal for a mentally-disabled defendant absent an express instruction to do so. Hall failed to demonstrate that he expressly instructed his trial counsel to appeal the conviction. The declaration of innocence and the fact that he went to trial is insufficient to prove an implied desire for an appeal. Furthermore, Hall never articulated any reasonable grounds for an appeal. He is therefore not entitled to habeas relief on this basis.

Accordingly, the Magistrate Judge's Report and Recommendation (doc. 8) is hereby ADOPTED IN ITS ENTIRETY. Hall's Petition for Writ of Habeas Corpus (doc. 1) is DISMISSED WITH PREJUDICE. Issuance of a certificate of appealability of this Order pursuant to 28 U.S.C. 2253(c) is GRANTED. The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may be taken in good faith; leave to proceed <u>in</u> <u>forma</u>

-3-

pauperis on appeal is therefore GRANTED on a showing of financial
necessity.

      SO ORDERED.


Dated: June 21, 2005        /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge