NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-4006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

06 SEP 28 PM 3: 43

**FILED**

SEP 2 7 2006

LEONARD GREEN, Clerk

| | |
|---|---|
| DONALD HALL, | ) |
| Petitioner-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR THE |
| CHRISTOPHER YANAI, | ) SOUTHERN DISTRICT OF OHIO ) |
| Respondent-Appellee. | ) |

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-00488

Before: DAUGHTREY and COOK, Circuit Judges, and COLLIER,* District Judge.

PER CURIAM. The petitioner, Donald Hall, is an Ohio prisoner serving two consecutive sentences of 7-25 years following his 1981 convictions for rape and burglary. After belated and protracted post-conviction litigation in both the state and federal courts, he filed this habeas action, pursuant to 28 U.S.C. § 2254, claiming that he was denied a direct appeal of his conviction because trial counsel failed to assist him, as "a mentally handicapped individual," in filing and perfecting an appeal. The district court denied relief, finding that in the absence of any indication from Hall that he wished to appeal his convictions, trial counsel did not have "the duty to automatically perfect an appeal." We find no basis upon which to reverse the district court's judgment, and we therefore affirm.

---

*The Hon. Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

*No. 05-4006*
*Hall v. Yanai*

Hall had pleaded not guilty by reason of insanity to the indictment but, after a court-ordered psychiatric examination, he was found to be competent to stand trial by the state judge who heard the case following the petitioner's waiver of a jury trial. The resulting judgment of conviction indicated that at sentencing, the "defendant was notified [by the court] of the right to appeal as required by Crim. R. 32(A)(2)." Neither the petitioner nor his trial attorney filed a notice of appeal, and Hall did not raise the denial of a direct appeal until 1995. In 1984, however, he did file a *pro se* motion to suspend further execution of his sentence, requesting release from prison on "shock probation."

Significantly, Hall does not claim in his habeas petition that he ever requested an appeal or indicated a desire to appeal his conviction either to trial counsel or to the trial court, other than by generally "declar[ing] his innocence." Instead, he alleges that because of an organic brain injury suffered as a three-year-old, he developed mental retardation and certain personality disorders that required him to be institutionalized in a state mental hospital from age nine until he voluntarily discharged himself at age 25. Hall argues, in essence, that these mental disabilities made it impossible for him to perfect an appeal on his own and that his attorney therefore had a responsibility to file an appeal on his behalf, even though he never expressed or implied a desire to pursue an appeal.

The district court recognized, as do we, that a constitutional violation results when a criminal defendant is denied the right to an appeal because he lacked knowledge of that right, citing *Goodwin v. Cardwell*, 432 F.2d 521, 522-23 (6th Cir. 1970). But, the court

- 2 -

*No. 05-4006*
*Hall v. Yanai*

found that in this case the petitioner had been informed at sentencing that he had the right to appeal and the right to have counsel appointed on appeal. The district court further recognized, as do we, that an attorney may not disregard a request from a criminal defendant to file an appeal, citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). But, the court found in this case that Hall had never expressly instructed trial counsel to file an appeal. Moreover, the district court concluded, as a legal matter, that there was no case law to support the petitioner's contention that because of his mental incapacity, his lawyer should have presumed that his client wished to appeal and undertaken to perfect an appeal on his behalf, even in the absence of an express or implied request. Finally, the district court found, as a matter of fact, that the petitioner has never articulated any non-frivolous grounds for taking an appeal from his conviction.

In the order denying habeas relief, the district court adopted the analysis of the magistrate judge, who filed a comprehensive report and recommendation in this case. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying relief and dismissing the habeas petition. Because the reasons why judgment should be entered for the respondent have been fully articulated by the magistrate judge and adopted by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order dated June 21, 2005.

Mr. James Bonini, Clerk
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH  45202

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: September 27, 2006

Katherine A. Szudy
Public Defender's Office
Ohio Public Defender Commission
8 E. Long Street
Suite 1100
Columbus, OH   43215-2998

M. Scott Criss
Office of the Attorney General
Corrections Litigation Section
150 E. Gay Street
16th Floor
Columbus, OH   43215-6001

RE: 05-4006
    Hall vs. Yanai
    District Court No. 02-00488

Dear Counsel,

   Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

Robin Duncan
Case Manager

Enclosure

cc:
   Honorable S. Arthur Spiegel
   Mr. James Bonini